UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BOWER,

                 Plaintiff,

   v.

VALLEY FARMS, LLC, et al.,

                 Defendants.

CIVIL ACTION NO. 4:25-CV-00089

(MEHALCHICK, J.)

## MEMORANDUM

Presently before the Court is a motion to dismiss for failure to state a claim filed by Defendants Randy Waltz ("Defendant Waltz"), Kristi L. Leister ("Defendant Leister"), Upstate Niagara Cooperative, Inc., Upstate Niagara Cooperative, Inc. d/b/a Valley Farms, LLC (with Upstate Niagara Cooperative, Inc., "Upstate Niagara"), and Head of Human Resources (Female) ("HHR") (collectively, "Moving Defendants"). (Doc. 4). On August 16, 2024, Plaintiff Michael Bower ("Plaintiff") initiated this action in the Lycoming County Court of Common Pleas listing Moving Defendants and Defendant Valley Farms, LCC ("Valley Farms") (collectively, "Defendants"). (Doc. 1, at 2). On December 26, 2024, Plaintiff filed a complaint in the Lycoming County Court of Common Pleas. (Doc. 1-1, at 15-22). On January 14, 2025, this case was removed to this Court.[1] (Doc. 1). For the following reasons, Moving Defendants' motion to dismiss shall be **GRANTED**. (Doc. 4).

I.      **BACKGROUND AND PROCEDURAL HISTORY**

---

[1] The complaint raises claims under the Americans with Disabilities Act of 1990, a federal statute. (Doc. 1, at 3; Doc. 1-1, at 20-21). Where a federal court has original jurisdiction over a claim it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367. The state and federal claims in this case arise out of the same alleged instances of discrimination and accordingly, the case was properly removed to federal court. (Doc. 1).

The following background is taken from the complaint and for the purposes of the instant motion, taken as true. (Doc. 1-1). On or about November 9, 2021, Valley Farms hired Plaintiff hired as a commercial truck driver. (Doc. 1-1, at 16). Plaintiff has ADHD which he alleges makes it difficult for him to complete unfamiliar delivery routes or begin his routes at inconsistent times. (Doc. 1-1, at 17). In March 2022, Plaintiff tore his meniscus while on the job and this injury required him to be off work "for approximately 4 months while his injury healed." (Doc. 1-1, at 16). Plaintiff returned to work in September 2022. (Doc. 1-1, at 16). Immediately upon his return, Valley Farms scheduled Plaintiff "to deliver on a new-to-him route that started at 10:00 AM." (Doc. 1-1, at 16). "Plaintiff began the route at 4:00 AM, by himself, and was unable to complete the route." (Doc. 1-1, at 17). Defendant Waltz, a "Manager of Distribution" for Valley Farms, directed Plaintiff to finish the delivery route the next day. (Doc. 1-1, at 15, 17). Defendant Waltz did not direct other employees to complete their unfinished routes. (Doc. 1-1, at 17). Valley Farms consistently scheduled Plaintiff on unfamiliar routes at inconsistent times in violation of Plaintiff's union contract. (Doc. 1-1, at 17). Plaintiff's ADHD made it difficult for him to complete these routes and to complete his paperwork. (Doc. 1-1, at 17). Between September 2022 and November 2022, Defendant Waltz informed Plaintiff he could no longer do paperwork and other administrative tasks from his truck. (Doc. 1-1, at 17). On or around November 23, 2022, Plaintiff asked Valley Farms for accommodations based on his ADHD. (Doc. 1-1, at 18). The requested accommodations included a tablet which Plaintiff believes would have helped him with his administrative tasks during and after his delivery routes. (Doc. 1-1, at 18). Valley Farms denied Plaintiff's request. (Doc. 1-1, at 18). Plaintiff also requested Family and Medical Leave Act ("FLMA") leave to care for his girlfriend after she had open-heart surgery. (Doc. 1-1, at

18). Valley Farms denied this request as well. (Doc. 1-1, at 18).

In May 2023, Defendant Leister, who worked in human resources at Valley Farms, requested Plaintiff provide paperwork relating to his ADHD accommodations request. (Doc. 1-1, at 18). Plaintiff refused and Valley Farms asked him to sign paperwork memorializing this refusal. (Doc. 1-1, at 18). Three days after Plaintiff refused to provide Valley Farms with this paperwork, Valley Farms suspended Plaintiff for 10 days for allegedly "bump[ing] a gutter while operating the truck." (Doc. 1-1, at 18). This "alleged incident" occurred while Plaintiff's girlfriend was having her open-heart surgery. (Doc. 1-1, at 18). Plaintiff filed a union grievance alleging Valley Farms suspended him for "refusing to disclose his disability" and used the gutter incident as pretext for their discriminatory actions. (Doc. 1-1, at 18). After his suspension ended, Plaintiff noticed that the truck he was assigned to drive had a bent step. (Doc. 1-1, at 18). Because Valley Farms only requires drivers to report damage they caused, Plaintiff did not report the bent step. (Doc. 1-1, at 18-19). Around two weeks later, Plaintiff was driving his truck when it was hit by a bus. (Doc. 1-1, at 19). Valley Farms questioned Plaintiff about the damage to the vehicle from the collision and asked about the step. (Doc. 1-1, at 19). Plaintiff did not mention the previous damage to the step, and Valley Farms accused Plaintiff of falsifying accident paperwork. (Doc. 1-1, at 19). Valley Farms terminated Plaintiff on May 31, 2023, prior to any of his union grievances being resolved. (Doc. 1-1, at 19). Upstate Niagara, Valley Farms' parent company, and HHR, who worked at Upstate Niagara, were involved in the decision to terminate Plaintiff. (Doc. 1-1, at 19). In June 2023, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") which he requested be cross filed with the Pennsylvania Human Relations Commission ("PHRC"). (Doc. 1-1, at 19, 26-27). The EEOC provided Plaintiff with a right to sue letter on

June 20, 2024. (Doc. 1-1, at 19, 29-33).

On December 26, 2024, Plaintiff filed the instant complaint alleging violations of federal and state law. (Doc. 1-1). Specifically, Count I and II allege violations of the Americans with Disabilities Act against Valley Farms. (Doc. 1-1, at 20-21). Count III alleges violations of the Pennsylvania Human Rights Act ("PHRA") against all Defendants. (Doc. 1-1, at 21). Count IV alleges workers compensation retaliation and wrongful discharge against Valley Farms. (Doc. 1-1, at 21-22).

On January 21, 2025, Moving Defendants filed a motion to dismiss Count III of the complaint against Moving Defendants along with a brief in support. (Doc. 4; Doc. 6). On February 6, 2025, Plaintiff filed a brief in opposition to the motion to dismiss. (Doc. 8). On February 19, 2025, Moving Defendants filed a reply brief. (Doc. 11). Accordingly, the motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 4; Doc. 6; Doc. 8; Doc. 11).

## II. LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors*, Inc., 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

4

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).

The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

### III.  DISCUSSION

Count III is the only claim against Moving Defendants. (Doc. 1-1, at 21). Moving Defendants argue that Plaintiff's claim fails because he failed to exhaust his administrative remedies. (Doc. 6, at 9-13). According to Moving Defendants, PHRA claims "ordinarily may only be brought against a party previously named in an administrative charge" and Plaintiff only named Valley Farms in his EEOC charge. (Doc. 6, at 9). While Moving Defendants acknowledge exceptions to this general rule, they aver that none apply here because Plaintiff's EEOC charge failed to give Moving Defendants notice that they may be subject to liability. (Doc. 6, at 9-13). Plaintiff counters that an exception to PHRA's naming requirement applies because Moving Defendants and Valley Farms share common interests. (Doc. 8, at 8-15).

> The PHRA states:
>
> Any person claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint, in writing, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful discriminatory practice complained of, and which shall set forth the particulars thereof and contain such other information as may be required by the Commission.
>
> 43 Pa. Stat. Ann. § 959.

Federal courts have consistently interpreted this provision to mean that the same exhaustion of administrative remedies standards apply to both federal employment discrimination claims and PHRA claims. *See Kunwar v. Simco, a Div. of Illinois Tool Works, Inc.*, 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001); *see also Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 478 (E.D. Pa.

2013); *see also Jankowski v. Fanelli Bros. Trucking Co.*, No. 3:CV-13-2593, 2014 WL 690861, at *4 (M.D. Pa. Feb. 24, 2014).

A PHRA suit "ordinarily may be brought only against a party previously named in an [administrative] action." *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 251 (3d Cir. 1990); *see also Kunwar,* 135 F. Supp. 2d at 653 (applying the federal naming requirement PHRA actions). The Third Circuit first recognized an exception to this general naming requirement in *Glus v. G. C. Murphy Company*. 562 F.2d 880, 888 (3d Cir. 1977). Therein*,* the Third Circuit articulated a four-factor balancing test which determines whether a plaintiff is exempt from the naming requirement. *Glus*, 562 F.2d at 888*.* The factors are:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. Consideration of these factors should be initially in the hands of the district court.

*Glus*, 562 F.2d at 888.

In *Schafer v. Board of Public Education of the School District of Pittsburgh, Pennsylvania*, the Third Circuit refined *Glus* to only allow a suit to proceed "when the unnamed party received notice and when there is a shared commonality of interest with the named party." 903 F.2d at 252; *see also Jankowski*, 2014 WL 690861, at *4. The *Schafer* Court affirmed the *Glus* factors, but ultimately declined apply them because the court found the unnamed party lacked notice and a commonality of interests. 903 F.2d at 252.

Many courts in the Third Circuit have read the *Schafer* notice requirement to require plaintiffs to name a defendant in the body of an administrative charge if they fail to name them in the caption of the charge. *See Hills*, 978 F. Supp. 2d at 480; *see also Hess v. Twp. of Saint Thomas*, No. 1:23CV544, 2024 WL 1333371, at *5 (M.D. Pa. Mar. 28, 2024). However, other courts in the Third Circuit have read *Schafer* less strictly and have allowed actions to proceed where a defendant is not named anywhere in the administrative charge so long as the *Glus* factors otherwise weigh against dismissal. *See Lowenstein v. Cath. Health E.*, 820 F. Supp. 2d 639, 645 (E.D. Pa. 2011); *see also Diep v. Southwark Metal Mfg. Co.*, No. CIV. A. 00-6136, 2001 WL 283146, at *4 (E.D. Pa. Mar. 19, 2001). Courts in this district have generally held that an administrative charge must reference defendants and their actions with enough specificity to put the defendants on notice of their potential personal liability. *See Jankowski*, 2014 WL 690861, at *8 (dismissing a PHRA claim where "the [administrative] Charge failed to provide [the unnamed defendants] with notice that they would be subject to suit"); *see also Risser v. Steelton-Highspire Sch. Dist.*, No. 1:17-CV-357, 2017 WL 5625766, at *5 (M.D. Pa. Nov. 22, 2017) (dismissing a PHRA claim where the administrative charge was "devoid of reference to [defendant] or her alleged actions"). Courts should dismiss a PHRA claim where the administrative charge fails to reference the defendant unless the complaint alleges the defendant was informed of their potential liability prior to the plaintiff filing the administrative charge. *Compare Jankowski*, 2014 WL 690861, at *5 (dismissing PHRA claims where an administrative charge failed to give unnamed defendants notice of their personal liability but granting leave to amend), *with Jankowski v. Fanelli Bros. Trucking Co.*, No. 3:CV-13-2593, 2014 WL 1612600, at *8 (M.D. Pa. Apr. 22, 2014) (denying a motion to dismiss an amended complaint in the same action because the amended complaint alleged the unnamed

8

defendants were informed of their potential personal liability prior to plaintiff filing their administrative charge).

Here, the Court finds that Plaintiff failed to exhaust his administrative remedies because Plaintiff has failed to show the Moving Defendants had notice. In Plaintiff's properly filed EEOC charge, he only names Valley Farms in the caption.[2] (Doc. 1-1, at 26). The charge reads:

> On or about November 9, 2021, I was hired as a Commercial Driver. On or about November 23, 2022, I requested a reasonable accommodation because of my disability. Respondent requested that fill out ADA forms. After I submitted the requested documentation, along with documentation from my medical professional, Respondent began to subject me to less favorable terms and conditions of employment than similarly situated coworker because I engaged in protected activity. I, through my union, submitted a Cease & Desist Letter to end the discriminatory practice. Respondent retaliated against me by terminating my employment allegedly because I failed to follow simple instructions and because I allegedly falsified a report. I was discriminated against because of my disability and in retaliation for having exercised my constitutional rights, in violation of the Americans with Disabilities Act or 1990, as amended.
>
> Doc. 1-1, at 26

The EEOC charge thus does not name any of the Moving Defendants or reference them with any particularity. (Doc. 1-1, at 26). Therefore, the EEOC charge does not provide any Moving Defendants with notice of their potential liability. *Risser*, 2017 WL 5625766, at *5 (finding an administrative complaint "devoid of reference to [defendant] or her alleged actions" fails to

---

[2] The Court is permitted to consider the text of the administrative charge in the motion to dismiss phase. Courts regularly consider the text of an administrative charge when determining whether a PHRA plaintiff adequately exhausted their administrative remedies. *See Hills*, 978 F. Supp. 2d at 480; *see also Hess*, 2024 WL 1333371, at *5. Further, the EEOC charge was attached to the complaint as an exhibit. (Doc. 1-1, at 26-27). "Exhibits attached to the complaint and upon which one or more claim is based are appropriately incorporated into the record for consideration of a 12(b)(6) motion." *Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 388 (3d Cir. 2002).

9

provide notice). As Plaintiff sees it, whether Moving Defendants had notice is a question of fact not properly resolved in a motion to dismiss. (Doc. 8, at 9-11, 17). Plaintiff also avers that Defendant Leister was specifically noticed because "Defendant Leister was responsible for processing Defendant's accommodation request" and because "Defendant Leister was served, as the point of contact for Defendant Valley Farms, in the Right to Sue Letter." (Doc. 8, at 9). However, the Court finds Plaintiff's arguments unpersuasive. The complaint only alleges that "Plaintiff filed a complaint with the EEOC and PHRC alleging discrimination" and that "Plaintiff received his right to sue letter from the EEOC." (Doc. 1-1, at 19-20). There are no allegations that Moving Defendants were informed of their potential individual liability prior to or at the time of Plaintiff filing his EEOC charge. (Doc. 1-1, at 15-22). Plaintiff's right to sue letter indicates that Defendant Leister was aware that Valley Farms was subject to liability. (Doc. 1-1, at 30). However, there is no indication in the complaint that Defendant Leister was informed that she was personally subject to potential liability. *See Hills*, 978 F. Supp. 2d at 479 (finding that a defendant who is "aware of the existence of [a] complaint against [an entity,]" is not necessarily "on notice that their personal conduct was being challenged"). Accordingly, both the administrative charge and complaint are insufficient to meet the *Schafer* notice requirement.

Even though Plaintiff's PHRA claims fail under the *Schafer* notice requirement, courts generally still consider the *Glus* factors even after determining a defendant lacked notice. *See Jankowski*, 2014 WL 690861, at *8; *see also Coe v. Pennsylvania State Univ.,* No. 4:14-CV-01818, 2016 WL 1162344, at *6 (M.D. Pa. Mar. 24, 2016). The Court finds that Plaintiff's PHRA claims also fail under the *Glus* factors.

The first and third *Glus* factors weigh in favor of dismissal.³ 562 F.2d at 888. The first *Glus* factor, whether the role of the unnamed defendant in the discriminatory actions was known or could have been known at the time of the administrative charge, weighs in favor of dismissal when the plaintiff knew or could have known a defendant's "role in the alleged violation of his rights." *Jankowski*, 2014 WL 690861, at *8. Here, the complaint alleges Plaintiff interacted with Defendant Walz and Defendant Leister, so their identities were known to Plaintiff. (Doc. 1-1, at 17-19). The complaint also alleges contemporary involvement by Upstate Niagara and HHR in Plaintiff's termination, so their identities could have been discovered. (Doc. 1-1, at 19). Plaintiff concedes the first *Glus* factor weighs in favor of dismissal regarding Defendant Waltz and Defendant Leister and makes no argument as to why it would weigh against dismissal regarding Upstate Niagara and HHR. (Doc. 8, at 10, 12-15). Regarding the third *Glus* factor, prejudice towards the unnamed defendants, lack of notice prejudiced Moving Defendants because Moving Defendants did not have the opportunity to "compromise voluntarily [while the action was pending at the administrative level] prior to litigation." *Wise v. United Parcel Serv., Inc.*, No. 1:18-CV-01989-SHR, 2019 WL 1896605, at *4 (M.D. Pa. Apr. 29, 2019); *see also Coe*, 2016 WL 1162344, at *6 (stating "[p]lacing an unnamed defendant on notice five months late in relation to the filing of the charge squandered a significant period of time in which informal resolution could have been attempted"). Accordingly, the first and third *Glus* factors weigh in favor of dismissal.

---

³ The fourth *Glus* factor does not apply here. Plaintiff asserts that there are no allegations that any of the Moving Defendants represented to Plaintiff that their relationship with Plaintiff is through Valley Farms. (Doc. 8, at 10-11, 14). The fourth *Glus* factor does not apply where there are no allegations that "defendants represented to plaintiffs that defendants' relationships to plaintiffs should be through the [named party]." *Hills*, 978 F. Supp. 2d at 483.

The second *Glus* factor, the similarity of interests between the unnamed and named parties, weighs in favor of dismissing Plaintiff's claims against Defendant Walz and Defendant Leister. 562 F.2d at 888. Plaintiff avers that Defendant Waltz and Defendant Leister share interests with Valley Farms because they were involved in the discrimination against Plaintiff and because they were employed by Valley Farms. (Doc. 8, at 10-11). However, Defendant Waltz and Defendant Leister's involvement in the discrimination "is not evident from the [administrative charge], and that shortcoming is fatal by law." *Coe*, 2016 WL 1162344, at *6. The administrative charge alleges Valley Farms retaliated against Plaintiff for filing a reasonable accommodations request and for submitting a union "Cease & Desist Letter". (Doc. 1-1, at 26). The complaint fails to specify any actions taken by Defendant Waltz after Plaintiff submitted his accommodations request and his union "Cease and Desist Letter."[4] (Doc. 1-1, at 16-19). Similarly, although the complaint alleges Defendant Leister was involved with processing Plaintiff's accommodations request, the complaint does not specify any actions taken by Defendant Leister to retaliate against Plaintiff after Plaintiff submitted the accommodations request and his "Cease and Desist Letter." (Doc. 1-1, at 18-19). Further, the fact that Defendant Waltz and Defendant Leister are employees of Valley Farms is not alone sufficient to indicate shared interest under *Glus*. *See Coe*, 2016 WL 1162344, at *7 (stating "Plaintiff's blanket reliance on the employer-employee relationship. . . is inadequate to trigger the *Glus* exception"). Accordingly, the second *Glus* factor weighs in favor of dismissal regarding Defendant Waltz and Defendant Leister.

---

[4] It is unclear from the complaint which union grievance is the relevant "Cease and Desist Letter." (Doc. 1-1, at 15-22, 26). The EEOC charge implies that this letter was submitted after Plaintiff submitted his accommodations request because the letter was designed to "end [Valley Farm's] discriminatory practice" of retaliating against Plaintiff for submitting a request for reasonable accommodations. (Doc. 1-1, at 26).

The second *Glus* factor weighs against dismissal regarding Upstate Niagara and HHR. 562 F.2d at 888. Plaintiff argues Upstate Niagara[5] and HHR share a common interest with Valley Farms because they were involved in the decision to pretextually terminate Plaintiff. (Doc. 8, at 14-15). The EEOC charge states Valley Farms "retaliated against [Plaintiff] by terminating [Plaintiff's] employment." (Doc. 1-1, at 26). The complaint alleges that Upstate Niagara and HHR were involved in the decision to terminate Plaintiff. (Doc. 1-1, at 19). Given their alleged involvement in Plaintiff's termination, Upstate Niagara and HHR share a common interest with Valley Farms in defending against Plaintiff's retaliatory termination claim. *See Jankowski*, 2014 WL 1612600, at *9 (finding that defendants involved in retaliation against a plaintiff shared a common interest in defending against the plaintiff's retaliation claims).

Even though the second *Glus* factor favors Plaintiff regarding Upstate Niagara and HHR, the *Glus* test is "not a mechanical one; no single factor is decisive. Instead each factor should be evaluated in light of the statutory purposes of [anti-discrimination statute] and the interests of both parties." *Glus v. G. C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), *vacated on other grounds Retail, Wholesale & Dep't Store Union, AFL-CIO v. G.C Murphy Co.*, 451 U.S. 935 (1981); *see also Jankowski*, 2014 WL 1612600, at *6 (stating the same). "[T]he entire purpose of the PHRA's notice requirement is to enable formal resolution in advance of any formal proceedings." *Coe*, 2016 WL 1162344, at *6. The *Glus* factors still weigh in favor of dismissal

---

[5] Plaintiff also urges this Court to find common interest between Upstate Niagara and Valley Farms based on the integrated enterprise test which allows a parent corporation to be liable for the wrongful acts of its subsidiary when certain factors are met. (Doc. 8, at 12-13). Plaintiff relies on *Kern v. Phoenixville Hospital, LLC* for this proposition. (Doc. 8, at 12-13). The Court notes that in *Kern*, the Eastern District of Pennsylvania analyzed the integrated enterprise test separately from its *Glus* analysis and did not replace the second *Glus* factor with the integrated enterprise test. 342 F.R.D. 324, 329-30 (E.D. Pa. 2022).

regardless of the second factor because the first and third factor weigh in favor of dismissal and because the Moving Defendants lacked notice.

Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies as required by PHRA against Moving Defendants. The Court will therefore **GRANT** Moving Defendant's motion to Dismiss Count III against Moving Defendants. (Doc. 4)

### IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Here, Plaintiff may be able to amend the complaint to adequately allege the Moving Defendants had notice of their potential personal liability at the time Plaintiff filed his administrative charge. *See Jankowski*, 2014 WL 690861 *8 (finding that a PHRA plaintiff failed to adequately allege notice but allowing the plaintiff the opportunity to amend their complaint); *see also Jankowski*, 2014 WL 1612600, at *9 (evaluating the plaintiff's amended complaint in the same case and finding the amended complaint adequately alleged notice). Accordingly, Plaintiff will be granted 21 days to file an amended complaint.

### V. CONCLUSION

For the foregoing reasons, Moving Defendants' motion to dismiss is **GRANTED**. (Doc. 4) Count III is **DISMISSED without prejudice** towards Moving Defendants. (Doc. 1-

1, at 21). Plaintiff is granted leave to file an amended complaint by or before July 28, 2025.[6]

An appropriate Order follows.

BY THE COURT:

Dated: July 7, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[6] Plaintiff moves to make and perfect service towards Defendant Leister, Upstate Niagara, and HHR. (Doc. 8, at 7-8). Defendant Leister, Upstate Niagara, and HHR have all moved to dismiss Count III of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4; Doc. 6). Although Moving Defendants noted that Defendant Leister, Upstate Niagara, and HHR were not properly served, they did not move for dismissal based upon ineffective service under Rule 12(b)(5). (Doc. 6, at 7). "[I]f a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998). Defendant Leister, Upstate Niagara, and HHR have all waived their objections to ineffective service by filing a motion to dismiss under Rule 12(b)(6) without also moving for dismissal under Rule 12(b)(5). (Doc. 4; Doc. 6). Accordingly, there is no need for Plaintiff to make and perfect service and Plaintiff's motion to make and perfect service is **DENIED** as moot. (Doc. 8, at 7-8).